UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON SHERRY,<br><br>   Plaintiff,<br><br> v.<br><br>SIMA BARNYARD, LLC, et al.,<br><br>   Defendants. | Case No. 23-cv-02046-DMR<br><br>**ORDER ON MOTION FOR ORDER DETERMINING GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 21 |

Plaintiff Jackson Sherry filed a complaint alleging that Defendants Sima Barnyard, LLC ("Sima") and Barnyard Carmel, LLC ("Barnyard Carmel") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and state law. Plaintiff and Sima reached a settlement of Plaintiff's claims and Sima now moves pursuant to California Code of Civil Procedure section 877 for determination that its settlement with Plaintiff is in good faith. [Docket No. 21.] Plaintiff and Barnyard Carmel filed statements of non-opposition to the motion. [*See* Docket Nos. 28, 32.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

I. **BACKGROUND**

Barnyard Shopping Village ("Barnyard Village") is a multi-level outdoor shopping center in Carmel-By-The-Sea, California. Sima owned and operated Barnyard Village at all times relevant to Plaintiff's claims prior to selling the shopping center in March 2023 to Barnyard Carmel. [Docket No. 9 (Am. Compl.) ¶¶ 1, 2, 9.] Barnyard Carmel is the current owner and operator of Barnyard Village. *Id*. at ¶ 10. Plaintiff is a person with a disability who uses a manual wheelchair for mobility. *Id*. at ¶¶ 8, 11. He lives about three miles away from Barnyard Village and visits on a regular basis to frequent the businesses there. He alleges that the lack of accessible paths of travel throughout the shopping center, including between the three levels, make it

1  "difficult and dangerous" to access certain businesses and deny him access to the shopping center.
2  *Id*. at ¶¶ 1-4, 17-20.
3        Plaintiff filed this lawsuit against Sima in April 2023 alleging violations of the ADA;
4  California's Unruh Act, California Civil Code sections 51 and 52; and California Health and
5  Safety Code sections 19955 *et seq*. He filed an amended complaint in June 2023 adding Barnyard
6  Carmel as a Defendant. In August 2023, Plaintiff and Sima agreed to a settlement under which
7  Sima will pay Plaintiff $22,500 in exchange for a full release of all claims related to alleged
8  accessibility barriers at the Barnyard Village. [Docket No. 21-1 (Curtis Decl. Sept. 12, 2023) ¶ 2.]

## II.  LEGAL STANDARD

A settling party in a federal action involving California claims may move for a good faith determination of settlement under California Code of Civil Procedure sections 877 and 877.6, which govern settlements among joint tortfeasors. *See Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990); *see, e.g., Loskot v. Dog House*, No. C-11-04867 JSC, 2013 WL 255953, at *2 (N.D. Cal. Jan. 23, 2013) (analyzing motion for good faith settlement under Cal. Code Civ. Proc. §§ 877, 877.6 in case with ADA claims); *Yanushkevich v. Fry's Elecs., Inc.*, No. 15CV04830BLFSVK, 2017 WL 2457111, at *2-3 (N.D. Cal. May 11, 2017), *report and recommendation adopted,* No. 15-CV-04830-BLF, 2017 WL 2438559 (N.D. Cal. June 6, 2017) (same). A good faith settlement of claims against "one or more of a number of tortfeasors claimed to be liable for the same tort" will not "discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others." It will also effectively "discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Code Civ. Proc. § 877(a), (b). If the court determines the settlement is made in good faith, its order "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Code Civ. Proc. § 877.6(c); *John Hancock Mut. Life Ins. Co. v. Setser*, 42 Cal. App. 4th 1524, 1529 (1996). Sections 877 and 877.6(c) are aimed at two objectives: "equitable sharing of costs among the parties at fault, and . . . encouragement of settlements." *Tech-Bilt, Inc. v. Woodward-Clyde &*

2

*Assoc.*, 38 Cal. 3d 488, 494 (1985). "The good faith provision of section 877 mandates that the courts review agreements purportedly made under its aegis to insure that such settlements appropriately balance the contribution statute's dual objectives." *Id.*; *see also Butler*, 904 F.2d at 511 ("The obvious purpose of this statute is to determine at an early state what effect, if any, a settlement has on the setoff against other defendants and on contribution rights.").

Any party is entitled to a hearing on the issue of a good faith settlement; however, a settling party may proactively file a motion for good faith determination of the settlement. Cal. Civ. Proc. Code § 877.6(a). The application must "indicate the settling parties, and the basis, terms, and amount of the settlement." Cal. Civ. Proc. Code § 877.6(a)(2). In the absence of any opposition, the court may approve the motion without a hearing. *Id*.

In *Tech-Bilt*, the California Supreme Court established a set of factors to determine whether the "good faith" requirement is satisfied when reviewing a motion submitted under section 877.6:

> [T]he intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

38 Cal.3d at 499. A party opposing a determination of good faith "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id*. at 499-500.

A party asserting the absence of good faith carries the burden of proof. Cal. Civ. Proc. Code § 877.6(d). On account of this burden, "only when the good faith nature of a settlement is disputed" must the court "consider and weigh the *Tech-Bilt* factors." *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987). Otherwise, if no party objects, "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient" to establish that the settlement was reached

in good faith. *Id.*; *see also Res-Care Inc. v. Roto-Rooter Servs. Co.*, No. C 09-3856 EDL DMR, 2011 WL 3610701, at *2 (N.D. Cal. Aug. 17, 2011) (collecting cases).

## III. DISCUSSION

In this case, Sima submits a declaration by counsel who describes the terms of the settlement between Sima and Plaintiff and states "[t]he settlement resulted from arm's-length negotiations between [counsel] and Plaintiff's counsel." Curtis Decl. ¶ 3. He explains that "[o]ne purpose of the settlement is to settle Plaintiff's claims against Sima at this early stage in the litigation" without incurring additional attorneys' fees and costs. *Id.*

Barnyard Carmel filed a statement of non-opposition to the motion. Accordingly, the court does not need to evaluate the settlement under the *Tech-Bilt* factors. *See* Cal. Civ. Proc. Code § 877.6(d) (indicating presumption of good faith). Nevertheless, the court concludes that the *Tech-Bilt* factors favor granting the motion. Several of the *Tech-Bilt* factors do not apply here. There was no evidence of collusion, fraud, or tortious conduct, there was only a single plaintiff, and there is no evidence that Sima is burdened by financial conditions or insurance policy limits of particular relevance to this settlement.

The remaining salient *Tech-Bilt* factors are the amount paid and Sima's proportionate liability. Under the settlement, Sima will pay Plaintiff $22,500. Sima no longer owns the Barnyard Village. As a result, its potential liability is solely for damages and attorneys' fees, and costs. The injunctive relief Plaintiff seeks by way of remediation of the access barriers does not apply to Sima. As to damages, the Unruh Act authorizes statutory damages of "no less than four thousand dollars ($4,000)" for each occasion on which a plaintiff was denied equal access. Cal. Civ. Code § 52(a); *see also* Cal. Civ. Code § 55.56(a) (authorizing statutory damages "if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion."). The statute specifies that there has been a denial of full and equal access "if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(b). While Plaintiff alleges that he visits Barnyard Village "on a regular basis to frequent the businesses

4

there," he alleges he encountered access barriers during two specific visits: on October 29, 2021, before Sima sold Barnyard Village to Barnyard Carmel, and on May 28, 2023, after the sale. *See* Am. Compl. ¶¶ 9, 17, 21, 24. Therefore, based on the operative complaint, Sima's potential exposure to Unruh Act damages appears to be limited to $4,000 for the October 2021 visit. Further, the litigation is at an early stage. The complaint was filed in April 2023 and there has been no motion practice; in fact, Plaintiff and Barnyard Carmel recently stipulated to extend the deadline to complete the required joint site inspection to November 30, 2023. Accordingly, there is no basis from which the court can conclude that the $22,500 settlement is not well within the "ballpark" of Sima's potential liability, and the court concludes that the settlement amount is fair and reasonable under the circumstances. Accordingly, the court concludes that Sima's settlement with Plaintiff was made in good faith.

## IV. CONCLUSION

For the foregoing reasons, Sima's motion for determination of good faith settlement is granted.

**IT IS SO ORDERED.**

Dated: November 8, 2023



Donna M. Ryu
Chief Magistrate Judge